UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-21579-Civ-SCOLA/TORRES

TERESA PALMA and
ROLANDO PALMA,

    Plaintiffs,

v.

TARGET CORPORATION,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR SANCTIONS

This matter is before the Court on Target Corporation's ("Defendant") motion for sanctions against Teresa Palm and Rolando Palma ("Plaintiffs"). [D.E. 13]. Plaintiffs responded on September 9, 2018 [D.E. 15] to which Defendant replied on September 13, 2018. [D.E. 16]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion is **GRANTED in part** and **DENIED in part**.

### *I.  ANALYSIS*

Defendant's motion seeks sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 37 for failing to comply with the Court's Discovery Order dated August 7, 2018. [D.E. 12]. Defendant served Plaintiffs with its first set of interrogatories and request for production on February 1, 2018. Plaintiffs' discovery

1

responses were due on March 1, 2018. After several delays and requests for extensions of time, Plaintiffs served their discovery responses on May 14, 2018. Plaintiffs failed to attach any documents to their response and only provided partial responses to Defendant's requests. Defendant attempted to confer with Plaintiffs to acquire a more complete response, but the requested materials were never produced. At a discovery hearing on August 3, 2018, the Court granted Defendant's motion to compel in its entirety and ordered Plaintiffs to (1) serve better responses to Defendant's requests for production, (2) execute the authorizations that were attached to the request for production, (3) produce a scooter to Defendant for inspection, (4) identify the scooter's last known address and other pertinent information, and (5) provide dates for Plaintiff's deposition so that it may be scheduled on or before September 14, 2018.

To date, Plaintiffs have not provided any of the requested information despite the Court's warning that Plaintiffs' failure may result in Rule 37 sanctions, including dismissal of this action with prejudice. Defendant claims that Plaintiffs' complete failure to comply with the Court's Discovery Order and to serve responses is substantially delaying the progress of this case. Defendant also argues that Plaintiffs' actions are making it increasingly difficult to meet the Court's Scheduling deadlines, including the trial date set for May 13, 2019. Therefore, Defendant requests that this action be dismissed with prejudice and that Defendant be awarded its reasonable attorneys' fees and costs in its efforts to acquire Plaintiffs' discovery responses.

Plaintiffs' response is that "Defendant's [m]otion for [s]anctions is well taken," because Plaintiffs have not complied with the Court's Discovery Order. [D.E. 15]. Plaintiffs argue, however, that the relief Defendant requests (i.e. the dismissal of this case) is extraordinary and that Plaintiffs' counsel will secure the requested documents when he meets with Plaintiffs on September 14, 2018. While Plaintiffs acknowledge that Defendant may be frustrated with their failure to respond to Defendant's discovery requests, Plaintiffs conclude that a sanctions award is unnecessary because trial is more than nine months away.

Federal Rule of Civil Procedure 37(b)(2) permits the court broad authority in sanctioning a party for failure to comply with a court order to provide discovery, including dismissing an action with prejudice. Fed. R. Civ. P. 37(b)(2)(A); *see also Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999). District courts have broad discretion to fashion appropriate sanctions for violations of discovery orders. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). However, because dismissal of an action is a drastic sanction, a district court may implement it only as a last resort, when a party's failure to comply with a court order is a result of willfulness or bad faith and lesser sanctions will not suffice. *See United States v. One 32' Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905 (11th Cir. 2009); *Malautea*, 987 F.2d at 1542.

Based on a review of the record presented, we agree with Defendant that Plaintiffs' conduct is unacceptable and that the discovery requested should have been provided long ago. Plaintiffs concede that they violated the Court's Discovery

3

Order – that was issued on August 7, 2018 – and failed to produce any of the requested documents, including the scheduling of Teresa Palma's deposition by the September 14, 2018 deadline. And despite Plaintiffs' counsel contention that he plans to meet with his clients on September 14, 2018, Plaintiffs provided no date in their response as to when Defendants may be in receipt of the items requested. Making matters worse, neither Plaintiffs nor their counsel explain why they have not produced any of the items requested (after they were requested more than seven months ago), some of which should be readily available.[1] Therefore, Defendant's motion for sanctions is well taken because Plaintiffs have repeatedly failed to meet their discovery obligations and concede that they have not complied with any portion of the Court's Discovery Order.

Defendant requests that this case be dismissed with prejudice, but that sanction should only be used as a last resort. This does not mean, however, that Plaintiffs' conduct does not warrant sanctions. Instead, Plaintiffs are directed to provide a check payable to Defendant in the amount of $750 for Defendant's costs in filing its motion for sanctions within seven (7) days from the date of this Order and all objections in their response to Defendant's discovery requests are deemed waived. *See Ocwen Loan Servicing, LLC v. Accredited Home Lenders, Inc.*, 2008 WL 11335100, at *4 (M.D. Fla. Nov. 19, 2008) (holding that defendant waived its objections, including those based on privilege, when it failed to respond

---

[1] Some of the items that should be readily available for discovery include the authorization that was attached to Defendant's request for production, the scooter, and its last known location.

4

to discovery requests timely and failed to provide good cause for its actions); *Reliance Ins. Co. v. Core Carriers, Inc.*, 2008 WL 2414041, at *2 (M.D. Fla. June 11, 2008) ("Plaintiff has provided the Court with no reasons (much less good cause) for its failure to file timely objections to Defendant's discovery requests. Accordingly, although the Court finds Plaintiff's objections compelling, Plaintiff waived any objections to the discovery requests."). If Plaintiffs fail to comply with this Order, the Court shall recommend that this case be dismissed with prejudice. To this extent, Defendant's motion for sanctions is **GRANTED**. As for Defendant's request that this action be dismissed with prejudice, Defendant's motion is **DENIED** with leave to renew if Plaintiffs fail to comply with this Order.

## II. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion for sanctions is **GRANTED in part** and **DENIED in part**. [D.E. 13]. Plaintiffs are directed to provide a check payable to Defendant in the amount of $750 within seven (7) days from the date of this Order and all objections in their response to Defendant's discovery requests are deemed waived.[2] If Plaintiffs fail to comply with any of the requirements set forth above, the Court shall recommend that this case be dismissed with prejudice. To this extent, Defendant's motion for sanctions is **GRANTED**. As for Defendant's request that this action be dismissed, Defendant's motion is **DENIED** with leave to renew if Plaintiffs fail to comply with this Order.

---

[2] The funds must derive from Plaintiffs and not from counsel. All discovery due under this Order must be served by no later than October 4, 2018.

5

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of September, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge